State vs. Mims.

### No. 10,827.

THE STATE OF LOUISIANA VS. CHARLES MIMS.

Confessions of the accused will not be received against him unless they are voluntary.

When promises, offering an advantage to the accused have been made to him, in order to induce a confession by the prosecutor, and he invites him to call on him the next day, and the prosecutor does so, and without any invitation of the accused renews the same promises, whereupon the accused confesses, they will be regarded as one entire act, operating from the time the first inducements offered to the accused.

APPEAL from the Second District Court, Parish of Webster. Boone, J.

*Walter H. Rogers*, Attorney General, *J. A. W. Lowry*, District Attorney, and *Watkins & Watkins*, for the State, Appellee.

*Drew & Stewart* for Defendant and Appellant.

The opinion of the court was delivered by

McENERY, J.  The defendant was indicted for arson, tried, convicted and sentenced to ten years at hard labor.

He has appealed.

The confession of the defendant made to the deputy sheriff and Wallace Atkerson, while in jail, was offered and received as evidence over the objection of the defendant, on the ground that it was not voluntary.

The testimony of the deputy sheriff, incorporated in the bill of exceptions, discloses the following facts in relation to the confession:

"Atkerson told defendant that if he would tell the truth it would be easier on him. Atkerson told him if he would turn State's evidence it would be lighter on him, or something to that effect. Atkerson made defendant believe that it would be lighter on him if there was somebody else with him, and that if he would tell on this other party. Atkerson told defendant that he knew defendant was into it and believed some one else was with him, and if he told the truth he believed it would be lighter with him."

The defendant was accompanied by the prosecutor to the jail, when he was arrested. In the jail, on the first day of his imprison-

ment, he was told by the prosecutor that he "felt certain that he had burned his house, and that it would be better for him to confess; and I told him I thought the law was that if several were concerned the one that told or confessed it, the law would make it lighter on him."

The defendant asked the prosecutor to come back the next day. Two or three days after this first visit the prosecutor visited the jail in company with the deputy sheriff, when the conversation took place which is detailed by the deputy sheriff and which induced the confession.

It is the rule that, when promises or threats have been used and their influences have been totally done away with before the confession was made, the evidence will be received. 1 Greenleaf, Sec. 221.

But the improper influences first exerted will be presumed to continue and to operate to bring about the confession, unless it is shown by clear evidence that they have totally disappeared, from the length of time intervening or from proper warning of the consequences of the confession, or from other circumstances. 1 Greenleaf, Sec. 221. There is in this case an absence of any such circumstances.

On the first day of the interview of the prosecutor with the defendant, the inducements to confess were offered. The defendant, in consequence of the inducements made to him at the first meeting, asked the prosecutor to visit him the next day. He went the second or third day. The defendant did not make any confession until he was again approached by the prosecutor with promises to make a confession. The inducements offered were in substance the same as those at the first meeting. They were the same influences offered at different days, but so close together as to operate on the mind of the defendant as one entire act. There were no circumstances shown which disconnected them, so as to prove that the defendant, free from them, made a voluntary confession.

The circumstances show that the confession was not a voluntary one. 1 Greenleaf, Sec. 219; State vs. Garvey, 25 An. 192; State vs. Garvey, 28 An. 925; State vs. Von Sachs, 30 An. 942.

It is therefore ordered, adjudged and decreed that the verdict and sentence be set aside, annulled, avoided and reversed, and it is now ordered that this case be remanded, to be proceeded with according to law and the views herein expressed.