296 So.2d 805 (1974)
STATE of Louisiana
v.
Izell HENDERSON.
No. 54372.
Supreme Court of Louisiana.
June 10, 1974.
*806 Guy C. Lyman, Jr., M. Hampton Carver, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
The defendant was tried under a bill of information charging him with receiving stolen property. R.S. 14:69. He was convicted after a trial by jury and sentenced to serve nine years at hard labor. Defendant appeals, relying on an argument that the statute under which he was prosecuted is unconstitutional on its face.[1]
R.S. 14:69 provides in pertinent part:
"Receiving stolen things is the intentional procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses." (Emphasis added).
Defense counsel argues that the language emphasized above creates an unconstitutional irrebuttable presumption with regard to an essential element of the crime, *807 guilty knowledge, and that it deprives the defendant of his right to be convicted only upon proof beyond a reasonable doubt.
We do not agree that the statutory language complained of creates a presumption. A legal presumption relieves him in whose favor it exists from the necessity of any proof. R.S. 15:432. The State must prove that the accused actually knew or had good reason to believe that the property was stolen before a conviction under R.S. 14:69 can be obtained.
The purpose of the phrase "had good reason to believe" is to preclude the assertion of naivete as a defense. This language is merely a negative reiteration of the principle that only reasonable ignorance of fact is a defense. R.S. 14:16. The defendant is not precluded from showing that his ignorance was reasonable under the circumstances.
Nor do we believe that the section relieves the State of the burden of proving guilt beyond a reasonable doubt. The jury can properly infer that the accused knew the property was stolen only after the State proves beyond a reasonable doubt that the defendant had good reason to believe the property had been stolen.
There is no indication that the statute creates an irrebuttable presumption. Presumptions (rebuttable) are useful in law, and are frequently employed, both for the prosecution and the defense. See R.S. 15:432; C.Cr.P. 804; C.Cr.P. 842. Law provides, and common sense requires men to conclude that "the defendant intended the reasonable and probable consequences of his act." Reasonable ignorance is a defense (R.S. 14:16) but unreasonable ignorance is not. R.S. 14:69 establishes that minimum standard of proof requiredthat the defendant "had good reason to believe" the property was stolen.
The conviction and sentence are affirmed.
NOTES
[1] Two bills of exceptions were reserved and perfected on behalf of the defendant; however, they are neither briefed nor argued and are deemed abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).