SUMMERS, Justice.
On October 3, 1972 defendant was arrested for the offense of armed robbery. He was then indicted, convicted and sentenced to serve twenty-five years at hard labor. During the trial four bills of exceptions were reserved. Only three are presented in this appeal.

Bill 2

This bill was reserved when the trial judge admitted into evidence, over the objection of defendant, an inculpatory statement made by defendant. The grounds for the objection were that the statement was not voluntarily given because the defendant did not fully understand his constitutional rights and acted under fear.
In his per curiam to this bill the trial judge tells us that “there was ample proof that defendant was properly advised of his rights and that his statement was free and voluntary.”
The record supports the ruling of the trial judge. The two arresting officers testified that defendant was orally given his Miranda warnings at the scene of the arrest and later at the police station and that the statement made was in no way coerced. Defendant, who has a tenth grade education, admits to having been given his rights at the police station prior to making any inculpatory statement and that he understood the Miranda warnings. The document upon which defendant’s confession is written also contains the standard printed rights warnings.
The admissibility in evidence of a confession is for the trial court; its weight is for the jury. The conclusion of the trial judge in this regard involves a question of fact which will not be disturbed on appeal unless it is not supported by the evidence. State v. Cripps, 259 La. 403, 252 So.2d 382 (1971).
This bill is without merit.

Bill 2

This bill is directed to the admission into evidence of State exhibits 1, 2, 3 and 5, identified as (1) a .38 caliber pistol, (2) a ski mask, (3) a wrist watch and (5) a sum of money. The objection of defense counsel, which was overruled by the trial judge, was that an insufficient foundation had been laid by the State as to the above exhibits and also that there was insufficient connexity as between the exhibits and defendant to establish their relevancy.
The pistol, the ski mask and the watch were each shown to the victim, Willie Crain, for identification. He testified that the pistol was similar in color and shape to the one pointed at him during the robbery. He testified that the ski mask was “about the same color” as the one the robber wore. The watch was the same brand as his and the band was broken just as his was. He also testified that the robber took *280 a sum of money from him personally as well as from the cash register. Crain could not, however, identify with certainty any of the four items.
The defendant was apprehended one-half hour after the robbery at a point about six blocks from the scene of the crime. Each of the two arresting officers identified the four articles in question as having been obtained from the defendant either when he was arrested or at police headquarters.
Connexity is a matter for the jury to decide, so long as the objects introduced are shown to the satisfaction of the trial court to have some relevance with the facts sought to be proved. State v. Dillon, 260 La. 215, 255 So.2d 745 (1971). The State has shown both a logical relevance and sufficient connexity. A sufficient foundation was laid. The evidence was shown positively to have been taken from the defendant and the items were recognized by the victim as being of the same or similar nature as those used in the robbery or taken from his person. The objection here goes to the weight of the evidence and not to the admissibility. State v. Progue, 243 La. 337, 144 So.2d 352 (1962).
This bill has no merit.

Bill 4

This bill concerns admission into evidence of several .38 caliber cartridges some of which were found in defendant’s pockets and others obtained from the pistol found in defendant’s possession. Both arresting officers identified the shells as the ones taken from defendant. This matter addresses itself to the weight of the evidence as determined by the jury and not to its admissibility. See the discussion under Bill 3, supra.
This bill is without merit.
For the reasons assigned, the conviction and sentence are affirmed.