352 So.2d 619 (1977)
STATE of Louisiana
v.
A. R. LeJEUNE.
No. 59864.
Supreme Court of Louisiana.
November 14, 1977.
Rehearing Denied December 14, 1977.
*620 Leslie J. Schiff, Sandoz, Sandoz & Schiff, Opelousas, Paul C. Tate, Sr., Tate, Tate & Tate, Mamou, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Morgan J. Goudeau, III, Dist. Atty., Robert Brinkman, First Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged A. R. LeJeune with receiving stolen things valued in excess of $500, a violation of LSA-R.S. 14:69. After a trial, the jury found defendant guilty as charged. The court sentenced him to fiveyears' imprisonment.
Defendant appeals his conviction and sentence, relying upon six assignments of error.
The context facts are that Robert Schnexneider, a foreman at a slaughter house, gave stolen carcasses and live animals to defendant, who credited Schnexneider's open account at defendant's store, knowing that the merchandise was stolen.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
In these two assignments, defendant complains that the trial judge erred in admitting into evidence two statements made by him because they were not freely and voluntarily made.
We do not review the trial court's ruling as to defendant's first statement because defendant specifically waived his objection to its admission in stating at the hearing on the motion to suppress:
"If, Your Honor, please, I would like to object to reading this [first] statement, there is no contest as to this statement. Dr. LeJeune has indicated, as Mr. Brinkman has said, that this was a correct statement. We withdraw our objection to it from the Motion to Suppress." (Emphasis added.)
Defendant objects to the admission of his second statement made to Chief Criminal Deputy, L. B. Carrier. He contends that the deputy and the victim, Jerome Moore, induced him to make the statement by assuring him that he would not be prosecuted for his involvement.
LSA-R.S. 15:451 provides:
"Before what purposes [purports] to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, *621 intimidation, menaces, threats, inducements or promises."
The burden is on the State to establish affirmatively that the confession was free and voluntary and was given after the defendant was informed of his rights. State v. Callihan, La., 320 So.2d 155 (1975); State v. Monroe, La., 305 So.2d 902 (1974); State v. Bray, La., 292 So.2d 697 (1974); State v. Skiffer, 253 La. 405, 218 So.2d 313 (1969).
Deputy Carrier testified that defendant called him and volunteered to make a statement. Deputy Carrier stated that no one made any threats or promises to defendant in his presence. Defendant made his statement to Carrier after Carrier explained his rights to him.
Jerome Moore, the victim of the theft, stated emphatically that the defendant came to him and wanted to turn himself in to the authorities. He testified that he did not make any promises to defendant and never spoke to the district attorney on defendant's behalf.
The factual determination of the voluntary nature of a confession made by a trial judge is given great weight and should not be disturbed on appeal unless it is not supported by the evidence or is clearly erroneous. State v. Adams, La., 296 So.2d 278 (1974); State v. Sellers, La., 292 So.2d 222 (1974).
In the instant case, the evidence amply supports that trial court's finding that the defendant made the statement freely and voluntarily. The trial court, therefore, properly admitted defendant's statement into evidence.

ASSIGNMENT OF ERROR NO. 4
In his motion in arrest of judgment, defendant complains that the bill of information is defective in that it did not describe the stolen property which he allegedly received. He argues that he was prejudiced because he was not adequately informed and thus could not defend against the charge.
The bill of information described the property received only as "stolen property. . . belonging to Jerome Moore."
In State v. James, La., 305 So.2d 514, 517 (1974), we stated:
"* * * [W]here in fact an accused has been fairly informed of the charge against him by the indictment and has not been prejudiced by surprise or lack of notice, the technical sufficiency of the indictment may not be questioned after conviction where, as here, no objection was raised to it prior to the verdict and where, without unfairness, the accused may be protected against further prosecution for any offense or offenses charged by it through examination of the pleadings and the evidence in the instant prosecution."
We cited this language with approval in State v. Randolph, La., 334 So.2d 687 (1976).
Here, the State furnished LeJeune, on November 2, 1976, in response to the defendant's bill of particulars, a specific description of the property he was charged with receiving. Defendant's trial began on November 8, 1976. He, therefore, was not prejudiced by lack of notice. Defendant is adequately protected against further prosecution by an examination of the pleadings and evidence.
Accordingly, we find that the alleged deficiency in the bill of information is not reversible error.

ASSIGNMENT OF ERROR NO. 5
In defendant's motion in arrest of judgment, he also alleges the unconstitutionality of LSA-R.S. 14:69, the statute under which he is charged and convicted. LSA-R.S. 14:69 provides in pertinent part:
"Receiving stolen things is the intentional procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses." (Emphasis added.)
*622 Defendant contends that the portion of the statute emphasized is unconstitutional in that it relieves the State of its burden of proving beyond a reasonable doubt the intent to receive stolen property. He argues that the State may simply prove that the circumstances under which the thing is received indicate that the offender knew or had good reason to believe that the thing was the subject of theft.
In State v. Henderson, La., 296 So.2d 805, 807 (1974), the defendant contested the constitutionality of the same language arguing that it created an irrebuttable presumption. After finding that the language did not create a presumption, we stated:
"The State must prove that the accused actually knew or had good reason to believe that the property was stolen before a conviction under R.S. 14:69 can be obtained.
"* * *
"Nor do we believe that the section relieves the State of the burden of proving guilt beyond a reasonable doubt. The jury can properly infer that the accused knew the property was stolen only after the State proves beyond a reasonable doubt that the defendant had good reason to believe the property had been stolen."
In State v. Walker, La., 350 So.2d 176 (1977), we stated:
"Thus, the crime consists of four elements, each of which the State has the burden of proving:
(1) the intentional procuring, receiving, or concealing
(2) of anything of value
(3) which has been the subject of any robbery or theft
(4) under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses." (Emphasis added.)
Thus, LSA-R.S. 14:69 is constitutional and the trial court properly denied defendant's motion in arrest of judgment.
We have examined defendant's remaining two assignments of error and find them to be without merit. Assignment of Error No. 3 complains of the failure of the trial judge to give a special instruction as to the effect of inducements on the voluntariness of the confession. In our opinion, the subject of voluntariness was adequately and correctly covered in the general charge. Assignment of Error No. 6 alleges that the trial judge erred in permitting the State to cross-examine the defendant beyond the issue of voluntariness at the hearing on the motion to suppress the confession. Specifically, defendant complains that the trial judge allowed the State to cross-examine him about the contents of his confession. Our review of the record discloses that when defendant testified on the motion to suppress, he denied having made certain portions of the statement. Hence, the trial judge properly permitted cross-examination as to the content for the testing of his credibility.
For the reasons assigned, the conviction and sentence are affirmed.
TATE, J., filed opinion dissenting from denial of rehearing.
CALOGERO, J., was on the opinion that rehearing should be granted.

On Application For Rehearing
TATE, Justice (dissenting from denial).
The writer is of the opinion that rehearing should be granted to examine Assignment 3. This relates to the denial of an instruction that a statement may be involuntary by reason of the inducement of leniency by a private individual (the complaining witness), as well as by a public official. See State v. Mims, 43 La.Ann. 532, 9 So. 113 (1891) and Pugh, Louisiana Evidence Law 298 (1974).