ELLIS, Justice Ad Hoc.*
Melvin Rayford was charged by information with receiving stolen property valued at $12,700.00 under circumstances which indicate that he knew or had good reason to believe that the property was the subject of a theft. R.S. 14:69. He was tried by a jury, found guilty, and sentenced to serve ten years in the custody of the Director of the Department of Corrections. He has appealed both the conviction and the sentence.
From the evidence, it appears that on December 8, 1979, a 1979 Buick Riviera belonging to Dean Atkinson was stolen while parked on St. Peter Street in New Orleans. The vehicle was less than one year old and had cost $14,000.00 when purchased.
On December 19, 1979, two officers observed the car speeding and attempted to pull it over. The driver of the vehicle attempted to escape by driving away, but eventually struck two other vehicles and stopped. The driver, who escaped on foot, was identified as the defendant by the officers and by a passenger.
During the trial of the case, Mr. Atkinson, the owner of the vehicle, testified, over the defense’s objection, that when the vehicle was stolen, it contained about $4,000.00 worth of personal property. Subsequently, a list of the items was introduced in evidence, once more over the objection of the defense. None of these items was found in defendant’s possession, nor otherwise recovered.
Defendant’s first assignment of error is that the trial court erred in overruling the objections to both the testimony and the admission in evidence of the list. In proving the crime of receiving stolen things, the State is required to prove, inter alia, that the thing in defendant’s possession was stolen. R.S. 14:69; State v. Walker, 350 So.2d 176 (La.1977). The testimony relative to the items in the automobile is related to the immediate circumstances of the theft, and therefore forms part of the res gestae of the crime. As such the evidence was admissible. R.S. 15:447, 448.
Defendant was sentenced to serve a term of ten years, the maximum sentence permitted under R.S. 14:69. In pronouncing sentence, the judge said:
“The defendant was convicted after trial by jury. The evidence presented in the course of the case indicates that the crime *706 was more serious [than] I had contemplated at any time in our prior discussions. Property in the amount of twelve thousand, seven hundred dollars was stolen, at least alleged to be stolen in the Bill of Information and the jury found the defendant to be guilty of that particular charge as to possession of that property.
“However, the record also indicates that other property was also contained in the vehicle and a substantially more aggravated case than I first assumed when speaking with you in chambers.
“So, based upon the defendant’s conviction for the crime of possession of stolen property, I sentence the defendant to serve ten years in the custody of the Director of the Department of Corrections for the State of Louisiana. The basis of this sentence is that defendant has committed a crime which I believe to be a very serious crime. I believe he’s in need of incarceration for rehabilitation if that is possible. I’m aware, also, defendant, after the charge, was arrested for another crime. Another basis for this sentence is the defendant, in my opinion, caused substantial damage to property which is irreparable at this time and the victim in the case was substantially harmed because the property stolen is irreplaceable, heirlooms and matters which cannot be purchased. I feel that it is a reprehensible crime and defendant’s entitled — excuse me, deserving rather, of the maximum sentence.”
Defendant’s second and third assignments of error are that the judge erred in basing his sentence on the fact that other valuables were in the stolen vehicle at the time it was stolen, that he failed to follow the guidelines for sentencing imposed by Article 894.1 of the Code of Criminal Procedure, and that he thereby imposed an excessive sentence.
The record reflects that defendant is a 19-year-old first offender. There is nothing in the record to show that he stole either the automobile or its contents. Therefore, the facts and assumptions on which the judge based his finding of the seriousness of the crime form no part of the record before us. Article 894.1(C) requires that the court “state for the record the considerations taken into account and the factual basis therefor in imposing sentence.” Since some of the facts and circumstances relied on by the trial judge are not supported by the record, we find that the requirements of Article 894.1(C) have not been met, and that sentence was therefore improperly imposed.
The sentence is therefore set aside and the case remanded to the trial court for resentencing in accordance with the guidelines imposed by Article 894.1 of the Code of Criminal Procedure.
DENNIS, J., concurs.
LEMMON, J., concurs in the result.

 Judges Ellis, Lottinger and Ponder of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Associate Justices Calogero, Dennis, Watson and Lemmon.