BARRY, Judge,
dissenting.
I disagree that a “rational trier of fact could conclude that every reasonable hypothesis of innocence had been excluded.”
Regarding the scienter requirement, our Supreme Court said in State v. Walker, 350 So.2d 176, 178 (La.1977):
[m]ere possession of stolen property should not create a presumption that the person in possession of the property received it with knowledge that it was stolen by someone else. In addition, in State v. Henderson, 296 So.2d 805 (La.1974), we held that R.S. 14:69 does not create any presumptions and the State ‘must prove that the accused actually knew or had good reason to believe that the property was stolen before a conviction under R.S. 14:69 can be obtained.’ 296 So.2d at 807.
In this case the State only proved the defendant’s apartment was next door to the burglarized residence and the stolen refrigerator was in his apartment. There is no evidence to show how the refrigerator got into defendant’s possession. The State failed to show that the defendant knew or *726 even had reason to know of the theft. Walker, supra.
Importantly, there was testimony the defendant was not the sole occupant and did not have exclusive control of the apartment. It is certainly conceivable the other resident brought the refrigerator there. Also, there was a stolen stove which was not found in defendant’s apartment.
The fact that two refrigerators were in the apartment does not create a suspicion of guilt because there was testimony the other one wasn’t working. It is certainly possible the defendant (or the other occupant) purchased the stolen refrigerator to replace the broken one. The defendant made no effort to conceal the refrigerator.
Under Walker, supra, and the standard of review for circumstantial evidence in State v. Shapiro, 431 So.2d 372 (La.1982), it does not appear that every reasonable hypothesis of innocence has been excluded. This record convinces me the defendant had “mere possession” of the stolen property and the conviction should be reversed.
I also question the sufficiency of proof for the jury to conclude the refrigerator had a felony value between $100 and $500. The fact that the refrigerator was functional and its photo in evidence does not establish a value over $100 or even under $500.
I respectfully dissent.