536 So.2d 796 (1988)
STATE of Louisiana
v.
Lorey DANIEL.
No. 88-KA-476.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 1988.
Rehearing Denied January 17, 1989.
*797 John M. Mamoulides, Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff/appellee.
Martha E. Sassone, Indigent Defender Bd., Gretna, for defendant/appellant.
Before CHEHARDY, BOWES and WICKER, JJ.
WICKER, Judge.
Lorey Daniel appeals his jury conviction of the offense of receiving stolen things, La.R.S. 14:69, and the resulting sentence. The issues are sufficiency of evidence to convict, excessiveness of the sentence, and error patent. We reverse.
Michael Abide reported his $1,500.00 outboard motor stolen on November 16, 1986. Two days later, Daniel tried to sell an outboard motor to Laurence Palmisano at Marrero Boats. Daniel waited while Palmisano called the police to determine if the motor was stolen. When Palmisano was unable to verify the status of the motor, Daniel left and never returned. The next day, the police advised Palmisano that the motor was stolen. Daniel was arrested and charged by bill of information with three counts: receiving a stolen Suzuki outboard motor valued at $1,500.00 belonging to Michael Abide on November 18, 1986; receiving a stolen 1979 Ford pickup truck valued at $1,000.00 belonging to Roy Hedrick, Jr. on September 10, 1986; and receiving a stolen 1982 Ford van valued at $5,000.00 belonging to Michael Boudreaux on June 23, 1987. Daniel was tried by a six-person jury on the stolen outboard motor count, convicted, and sentenced to four years' imprisonment at hard labor. The trial judge suspended the sentence, placed Daniel on four years' inactive probation subject to a condition that Daniel serve two years' imprisonment at hard labor with "credit for time served (flat time)."
Daniel assigns three errors: (1) the evidence presented at trial was not sufficient to justify the verdict rendered; (2) the court erred in sentencing the defendant to an excessive sentence; and (3) any and all errors patent on the fact of the record.
SUFFICIENCY OF EVIDENCE
The elements of the crime are outlined in La.R.S. 14:69:
A. Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of the offenses.
The State must prove four things: (1) that Daniel intentionally possessed, procured, received or concealed; (2) something of value; (3) that the thing had been the subject of robbery or theft; and (4) that the circumstances indicated he knew or had good reason to believe that the thing in question was the subject of robbery or theft. We do not believe that the state has met its burden of proving the fourth element of this crime.
Abide, the victim, testified that his outboard motor was stolen and that the theft was reported to the police. He described the motor. His purchase documents were admitted into evidence and showed the serial number of the motor.
Palmisano, the owner of Marrero Boats, testified that he sold used boats and motors. Two days after the theft, Daniel came to his place of business with an outboard motor in the trunk of his car. Palmisano described the motor and said it looked new and in really good condition. He had the impression he would be able to buy the motor for $350-$400, and he knew he would be able to resell it for $1,000-$1,200. He wrote down the serial number of the motor and told Daniel he would have to check to see if it was stolen. Palmisano, who was a retired sheriff's deputy, telephoned the sheriff's department to check but got a busy signal. Daniel knew who was being called, and he waited for about ten minutes while this was going on. Palmisano then asked for Daniel's driver's license; and he wrote down the information from that license, the car license plate, and the serial number of the motor. Daniel then left, saying he had to make a stop and would be back in 45-60 minutes. A little *798 later, Palmisano got through to Detective Scarbin in the sheriff's office and was advised that he had no information that the motor was stolen. He intended to buy the motor when Daniel came back, but he never came back. The next day, the sheriff's department called him back to say the motor had been reported as stolen. Palmisano identified Daniel, both in a photo lineup about two months later and also at trial, as the person who tried to sell him the motor.
Patrick Rooney, a burglary division detective, conducted the photo lineup at which Palmisano identified Daniel.
Keith Lataxes, an auto theft detective, arrested and interviewed Daniel. Daniel told him that he was in possession of an outboard motor which he attempted to sell to Palmisano. Daniel refused to say where he got the motor or to whom he eventually sold it. He had no paperwork to show his ownership of the motor.
The testimony at Daniel's trial proved:
(1) he carried an outboard motor fitting the description of the one stolen from Abide in his trunk;
(2) he had no paperwork to show ownership of the motor;
(3) he was willing to sell the motor for about one quarter to one third of its value;
(4) he left about ten minutes after the police were called;
(5) he didn't return later with the motor as he said he was going to do; and
(6) he couldn't or wouldn't account to Lataxes for where he got the motor.
In weighing the sufficiency of evidence to convict Daniel, we must determine whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found Daniel guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), State v. Jacobs, 504 So.2d 817 (La.1987). Since there is no direct evidence that Daniel knew or had reason to believe that the outboard motor was stolen, we must conclude that he was convicted on circumstantial evidence. La.R.S. 15:438 mandates, "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." State v. Jacobs, supra.
We do not believe that every other reasonable hypothesis of innocence can be excluded in this case. Some of the proof, in fact, supports a theory of innocence, such as Daniel's apparent willingness to wait while Palmisano called the police. He also was willing to show Palmisano his driver's license; and he stood by while Palmisano wrote down his license plate number and the serial number of the motor. Other established facts can be explained. For instance, Daniel's failure to return to Marrero Boats later in the day could be attributable to his finding another buyer for the motor. Mere possession of a stolen thing does not give rise to a presumption that the possessor knew it was stolen. State v. Nguyen, 367 So.2d 342 (La.1979).
The state's case is missing evidence of an essential element of this crime, and Daniel's conviction and sentence must be set aside. There is no need to discuss his other claims. "[S]ince the double jeopardy clause prevents retrial when a reversal is based on insufficiency of evidence due to the state's failure to prove an essential element of the offense, a judgment of acquittal must be entered." State v. Raymo, 419 So.2d 858, 861 (La.1982).
REVERSED.