TERRI F. LOVE, Judge.
12The trial court adjudicated J.W.[1] delinquent of illegal possession of stolen things (a camera). J.W. timely appealed his adjudication.
J.W. contends there was insufficient evidence to adjudicate him delinquent of illegal possession of stolen things. The State argues that it is reasonable to infer from various circumstances surrounding the discovery of the stolen camera on J.W. that J.W. knew or should have known the camera was stolen.
Upon review of the record, we conclude that a rational trier of fact could not have found proof of delinquency or guilt beyond a reasonable doubt. Therefore, the due process guarantee of the Fourteenth Amendment of the United States Constitution requires the delinquent adjudication of J.W. for illegal possession of stolen things be reversed and vacated.
FACTS AND PROCEDURAL HISTORY
On August 22, 2011, J.W. and an adult female were observed by Sergeant James Clarkston as they rode their bicycles against traffic on Marigny Street. Sergeant Clarkston noticed that J.W. constantly looked back at him as he cycled, which piqued the Sergeant’s attention. He decided to follow J.W. as J.W. turned onto Burgundy Street. As J.W. turned, Sergeant Clarkston saw J.W. drop a |sbackpack from his back. After discarding the bag, J.W. rode toward Sergeant Clarkston, as directed. J.W. repeatedly denied any wrongdoing and questioned Sergeant Clarkston’s purpose for wanting him to stop. J.W. continued riding at a slow pace during the time the Sergeant spoke to him. J.W. subsequently rode *1189 away on his bicycle; the female stopped. Sergeant Clarkston dispatched a description of J.W., and J.W. was subsequently detained and arrested by other officers, including Officer Lawrence Weathersby, Jr. During the pat-down of J.W., a camera was discovered in his possession. After J.W. was detained, he was relocated to Sergeant Clarkston for identification. Sergeant Clarkston positively identified J.W. as the person who had sped away on the bicycle.
After J.W. had been arrested, and after talking to the adult female, Officer Jonas Smith relocated with the female to Monte-gut Street to locate the owner of the camera; however, neither the owner nor his vehicle was located. J.W. was not taken to the location. The owner was subsequently contacted, and he identified the camera approximately six to ten days after the camera had been found in J.W.’s possession.
J.W. was charged with one count of illegal possession of stolen things in violation of La.R.S. 14:69. After a hearing, he was adjudicated delinquent of illegal possession of stolen things. J.W. was subsequently ordered to be committed to the Department of Public Safety and Corrections for six months, which was to run concurrently with the delinquent adjudication of the same offense regarding a backpack in In the Interest of J.W., 2012-CA-0048.
J.W. timely filed this appeal.
LAW AND DISCUSSION
In order to adjudicate a child delinquent, the State must prove beyond a | reasonable doubt that the child committed the delinquent act alleged in the petition. La. Ch.Code. art. 883. The standard for the State’s burden of proof in a juvenile delinquency proceeding is “no less strenuous than the standard of proof required in a criminal proceeding against an adult.” State in the Interest of AG., 630 So.2d 909, 910 (La.App. 4 Cir. 12/30/93). When a conviction is based on circumstantial evidence, Louisiana Revised Statutes 15:438 provides that such evidence “must exclude every reasonable hypothesis of innocence.” State v. Thomas, 2002-1523, p. 4 (La.App. 4 Cir. 2/5/03), 840 So.2d 25, 28; citing State v. Langford, 483 So.2d 979, 983 (La.1986). A court of review must grant great deference to the juvenile court’s credibility determination and assessment of witness testimony. State in the Interest of W.B., 2008-1458, p. 1 (La. App. 4 Cir. 4/22/09), 11 So.3d 60.
In light of the due process protections of the Fourteenth Amendment of the United States Constitution, and in evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The Jackson standard has been held to be the clear standard of review for Louisiana appellate courts by the Louisiana Supreme Court. State v. Brown, 2003-0897 (La.4/12/05), 907 So.2d 1, 18. This standard of review is applicable in juvenile delinquency cases. State in the Interest of C.B., 2009-1114, p. 5 (La.App. 4 Cir. 12/16/09), 28 So.3d 525, 527.
Louisiana Constitution Article V, § 10(B) mandates that an appellate court review both law and facts when reviewing juvenile adjudications. Therefore, as in the review of civil cases, a factual finding made by a trial court in a juvenile ^adjudication may not be disturbed by an appellate court unless the record evidence as a whole does not furnish a basis for it, or it is clearly wrong. State in the Inter *1190 est of Batiste, 367 So.2d 784 (La.1979). In sum, we apply the “clearly wrong-manifest error” standard of review to determine whether there is sufficient evidence to satisfy the standard of proof beyond a reasonable doubt. State in the Interest of T.C., 2009-1669, p. 3 (La.App. 4 Cir. 2/16/11), 60 So.3d 1260,1262.
Illegal possession of stolen things is defined in Louisiana Revised Statute 14:69(A) as follows:
A. Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.
Thus, in order to adjudicate a juvenile delinquent of possession of stolen property, “the state must prove, beyond a reasonable doubt, that 1) the property was stolen, and 2) the property was of value, and 3) that the defendant knew or should have known that the property was stolen, and 4) that the defendant intentionally possessed, procured, received or concealed the property.” State in Interest of B.J., 617 So.2d 238 (La.App. 5th Cir.1993); citing State v. Walker, 350 So.2d 176 (La. 1977), writ granted, 369 So.2d 139 (La. 1979); State v. Mercadel, 503 So.2d 608 (La.App. 4th Cir.1987); State v. Wilson, 544 So.2d 1300 (La.App. 4th Cir.1989). Illegal possession of stolen property is a general intent crime. State v. Bounds, 38,330 (La.App. 2 Cir. 5/12/04), 873 So.2d 901.

Whether J.W. knew or should have known the camera was stolen

The first two essential elements of illegal possession are satisfied. There is no question that the item was stolen, and J.W. is not contesting whether he | ^intentionally possessed, procured, received or concealed the camera. He is also not challenging the value of the camera.
J.W. only contends the State did not meet its burden of proof at trial as to the third element. The third element of the crime is that the juvenile knew or should have known that the property was stolen. The Louisiana Supreme Court has observed that the mere possession of stolen property does not create the presumption that the person possessing the property received it with knowledge that it was stolen. State v. Chester, 97-1001 (La.12/19/97), 707 So.2d 973. The state must prove the defendant’s guilty knowledge, which may be inferred from the circumstances of the offense. Id. at 974.
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982), rev’d on rehearing (La.1983). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. However, R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. See State v. Jacobs, 504 So.2d 817 (La.1987).
Applying these legal principles to the case at bar, we conclude that any rational trier of fact, after viewing all of the evidence in the light most favorable to *1191 the prosecution, would have a reasonable doubt as to J.W.’s guilt. The State failed to prove, beyond a reasonable doubt, that J.W. knew or should have known the 17camera was the subject of a theft. Although it is not disputed that J.W. possessed stolen property, the mere possession of stolen property does not create a presumption that J.W. knew or should have known that the camera was stolen. See State v. Ennis, 414 So.2d 661 (La.1982); State v. Daniel 536 So.2d 796 (La. App. 5 Cir.1988), writ den., 541 So.2d 892 (La.1989).
The State erroneously argues that when J.W. encountered Sergeant Clarkston, he (J.W.) rode away and subsequently discarded the backpack containing the camera. Additionally, the State mistakenly argues that J.W. discarded the backpack which contained the camera. The testimony of Officer Lawrence Weathersby, Jr. revealed the camera was found on J.W. during a pat-down which occurred after the backpack had been discarded.
In furtherance of its mistaken recollection of the facts, the State asks, “If J.W. had bought the eamera legitimately, why would he feel the need to ditch the camera before fleeing?” In reviewing the evidence adduced at trial, it is unquestionable that J.W. not only did not flee or attempt to flee after being stopped by Officer Weathersby, but also, he did not discard or attempt to discard the camera.
The record unequivocally shows the camera, which had not been reported stolen, was found in J.W.’s possession approximately six to ten days after Mitchell Gaudet, the camera’s owner, believed the camera went missing. Mr. Gaudet admitted he did not report the camera stolen. Sergeant James Clarkston testified that he did not see anyone recover anything from the backpack that he previously had seen J.W. discard. The State attempted to introduce the hearsay testimony of Officer Lawrence Weathersby, Jr. about specific information about the acquisition of the camera provided by Sherdell, the adult female who was with J.W. Officer | Weathersby subsequently testified that when another officer, Officer Jonas Smith (who notably did not testify at J.W.’s adjudication hearing), and Sherdell relocated to locate the vehicle from where the camera had allegedly been taken, the vehicle was not at the location purportedly identified by Sherdell.
The State did not present any direct evidence that J.W. knew or should have known that the camera was stolen. The State relied on circumstantial evidence to prove that J.W. knew or should have known that the camera was stolen pursuant to La. R.S. 15:438. Louisiana Revised Statutes 15:438 sets forth the rule regarding circumstantial evidence and provides, that “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” Whether circumstantial evidence excludes every reasonable hypothesis of innocence presents a question of law. State v. Daniels, 607 So.2d 620, 623 (La.App. 2d Cir. 1992). Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Gray, 26,115 (La.App. 2d Cir. 06/22/94), 639 So.2d 421, 425.
In this case, the State presented the testimony of the camera’s owner, Mitchell Gaudet; however, that testimony only proved that Mr. Gaudet never reported the camera stolen and that he could not identify anyone in the courtroom to whom he would have loaned his camera. Mr. Gau-det did not identify J.W. as the person who stole his camera.
*1192 The State claims J.W. knew or should have known the camera had been the subject of a theft by arguing in brief that J.W. was with the adult female, Sherdell, “who, if she did not steal the camera herself, undisputedly knew that the camera |flwas stolen.” We find this conclusory statement fails to indicate J.W. knew or should have known the camera was stolen.
After reviewing all the evidence in the light most favorable to the prosecution, we conclude that no rational trier of fact could have excluded every reasonable hypothesis of innocence and found that the State had proven, beyond a reasonable doubt, that J.W. knew or should have known the camera was the subject of a theft. The State has failed to prove an essential element of the crime of illegal possession of stolen things.
DECREE
After review of the evidence in this case, we conclude the State did not prove its case because it did not prove intentional possession beyond a reasonable doubt even when the evidence is viewed in the light most favorable to the prosecution. Therefore, the delinquent adjudication for illegal possession of stolen things is reversed and vacated, and the sentence of six months in the Department of Corrections, which was to be served concurrently with the delinquent adjudication of the same offense in In the Interest of J.W., 2012-CA-0048, is reversed and vacated.
REVERSED AND VACATED

. To maintain the confidentiality of the proceedings required by Louisiana Children’s Code Articles 407 and 412, we use initials for the juvenile defendant in this case.