NOT DESIGNATED FOR PUBLICATION

WIL III by JEW
JEW
A H P by JEW

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 KJ 1285

STATE OF LOUISIANA IN THE INTEREST OF C.D.

*Judgment Rendered:* **FEB 0 9 2023**

\*\*\*\*\*\*\*\*

Appealed from the City Court of East St. Tammany Parish
Juvenile Division In and for the Parish of St. Tammany
State of Louisiana
Case No. 22 JC 2264

The Honorable Bryan Haggerty, Judge Presiding

\*\*\*\*\*\*\*\*

| | |
|---|---|
| Katherine Franks<br>Louisiana Appellate Project<br>Madisonville, Louisiana | Counsel for Defendant/Appellant<br>C.D. |
| Warren L. Montgomery<br>District Attorney<br>David Rex English<br>Assistant District Attorney<br>Slidell, Louisiana | Counsel for Appellee<br>State of Louisiana |

\*\*\*\*\*\*\*\*

BEFORE: WELCH, PENZATO, AND LANIER, JJ.

**LANIER, J.**

C.D.,[1] a sixteen-year-old juvenile, was alleged delinquent by amended petition on the charge of illegal possession of stolen things $25,000 or more, a violation of La. R.S. 14:69(A) & (B)(1). She denied the allegation. Following an adjudication hearing, she was adjudged delinquent on the charge of illegal possession of stolen things less than $25,000, a violation of La. R.S. 14:69(A) & (B)(2). Following a disposition hearing, she was placed in the custody of the Office of Juvenile Justice for thirty-six months with all but nine months suspended. C.D. now appeals, raising the issue of her counsel's conflict of interest and challenging the sufficiency of the evidence. For the following reasons, we reverse the adjudication of delinquency, vacate the disposition, and order the juvenile released on this charge.

## FACTS

On June 28, 2022, at approximately 12:30 – 12:45 a.m., while working as an Uber driver, the victim, Khaled Radwan, drove his 2022 Toyota Highlander to pick up a woman with a suitcase in the area of Ursuline and Derbigny Streets in New Orleans, Louisiana. He was subsequently robbed of his vehicle by a man armed with a gun who threatened him at the scene. Thereafter, the two offenders and another man returned to the scene and shot Radwan.

At the adjudication hearing, Radwan testified the incident happened "fast," and the street he stopped on was dark, such that he could not see exactly what the offenders looked like. He got the best look at the gunman because he was close to Radwan when he threatened him. T.C., the co-defendant and driver of the vehicle, and C.D. were both in the courtroom, and Radwan stated, "[i]t's that young lady," and "the little lady who was the one standing up[,]" when asked to identify the woman involved during the robbery of Radwan's vehicle. It is not clear from the

---

[1] Pursuant to Rules 5-1(a) and 5-2 of the Uniform Rules, Courts of Appeal, we reference the minor by her initials.

record whether Radwan was referring to T.C. or C.D. Radwan testified that he was only "fifty percent sure" of his identification.

Also called at the adjudication hearing was Slidell Police Department Detective Ben Williams, who was contacted on June 28, 2022, in reference to a Toyota Highlander with GPS tracking that was reported stolen after being involved in a carjacking and possible homicide. At 10:25 a.m., he observed the vehicle located near John Slidell Park in Slidell, Louisiana, and notified other law enforcement agencies to respond to the area. Detective Williams testified that as the tactical team was making contact with the vehicle at 11:15 a.m., T.C. remained in the driver's seat, but C.D. exited the vehicle and entered a gymnasium located in the park. C.D. and T.C. were subsequently taken into custody along with three adult black males who were in the gymnasium. Handguns were recovered from the front and rear seats of the vehicle and from one of the adult black males. None of the windows on the vehicle were broken and there was no obvious damage to the steering column or the ignition. When asked what direct evidence existed that indicated T.C. and C.D. knew the vehicle was stolen, Detective Williams replied that they were sitting in a stolen, carjacked vehicle. He conceded he did not know if either of the juveniles had been "picked up" after the carjacking of Radwan.

## SUFFICIENCY OF THE EVIDENCE

In assignment of error number two, the juvenile contends the evidence was not sufficient to sustain the verdict "beyond a reasonable doubt."[2] The State concedes that the evidence does not show, beyond a reasonable doubt, that C.D. knew or had good reason to believe that the vehicle was the subject of a robbery or theft.

---

[2] When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first address whether there is sufficient evidence to convict or adjudicate because the lack of sufficient evidence to sustain the adjudication would entitle the juvenile to an acquittal under **Hudson v. Louisiana**, 450 U.S. 40, 44-45, 101 S.Ct. 970, 973, 67 L.Ed.2d 30 (1981). **State in the Interest of M.J.**, 2020-0928 (La. App. 1st Cir. 2/19/21), 2021 WL 651324, *2 n.5.

3

In a juvenile adjudication proceeding, the State must prove beyond a reasonable doubt that the juvenile committed the delinquent act alleged in the petition. La. Ch. Code art. 883. The burden of proof is no less severe than the burden of proof required in an adult proceeding. Accordingly, in delinquency cases, the standard of review for the sufficiency of evidence is that enunciated in **Jackson v. Virginia**, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), *i.e.*, whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the State proved the essential elements of the crime beyond a reasonable doubt. See La. Code Crim. P. art. 821,[3] **State in Interest of T.C.**, 2018-1246 (La. App. 1st Cir. 12/21/18), 269 So.3d 716, 718. In conducting sufficiency review, we also must be expressly mindful of Louisiana's circumstantial evidence test, which states in part, "assuming every fact to be proved that the evidence tends to prove, in order to convict," every reasonable hypothesis of innocence is excluded. La. R.S. 15:438; **State v. Currie**, 2020-0467 (La. App. 1st Cir. 2/22/21), 321 So.3d 978, 982.

In order to adjudicate a juvenile delinquent of possession of stolen property, the State must prove, beyond a reasonable doubt, that 1) the property was stolen, 2) the property was of value, 3) the defendant knew or should have known that the property was stolen, and 4) the defendant intentionally possessed, procured, received or concealed the property. **State in Interest of J.W.**, 2012-0049 (La. App. 4th Cir. 6/6/12), 95 So.3d 1187, 1190, writ denied, 2012-1497 (La. 1/18/13), 107 So.3d 625. Illegal possession of stolen property is a general intent crime. **Id.**

The mere possession of stolen property does not give rise to a presumption that the person in possession of the property received it with knowledge that it was stolen from someone else. The State must, therefore, prove the defendant's guilty

---

[3] In the absence of specific procedures provided by the Louisiana Children's Code, the court shall proceed in accordance with the Louisiana Code of Criminal Procedure. See La. Ch. Code art. 803.

4

knowledge as it must every other essential element of the offense. Nevertheless, the fact finder may infer guilty knowledge from the circumstance of the offense, *i.e.*, that defendant knew "*or had good reason to believe*" that the goods in her possession had been stolen. La. R.S. 14:69(A) (emphasis added). The statute permits a purely objective inquiry into the element of guilty knowledge.[4] **State v. Calloway**, 2007-2306 (La. 1/21/09), 1 So.3d 417, 422.

After undertaking our state's constitutionally mandated review of the law and facts in this juvenile proceeding, we find the State failed to prove beyond a reasonable doubt that C.D. committed the delinquent act alleged in the petition. The juvenile court was clearly wrong in its factual finding that the State sufficiently established the identity of the juvenile as the woman with the suitcase by identifying her as "the young lady on the end" where Radwan indicated he viewed this perpetrator only briefly and expressed no more than fifty percent confidence in his identification. Accordingly, the State failed to negate a reasonable probability of misidentification.

Moreover, as the State admits on appeal, the evidence failed to prove C.D. knew or had good reason to believe the vehicle was stolen. Absent proof of participation in the robbery of the vehicle, the State had to show that a reasonable person would have known that the vehicle was stolen. However, nothing about the vehicle suggested it had been stolen. There were no objective indicia, such as damage to the vehicle, signs of forced entry, broken windows, or damage to the ignition, indicating the vehicle was stolen. Compare **State in Interest of T.W.**, 2015-262 (La. App. 5th Cir. 9/23/15), 175 So.3d 504, 510.

This assignment of error has merit.

---

[4] See La. R.S. 14:69 Rptr.'s Cmt. ("The element of knowledge of the offender that the goods were of the described nature when he received them has given considerable difficulty. Must the offender subjectively know, or is he taken to know what any reasonable person so situated would have known? This section adopts a completely objective test here, because of the difficulty of proof by the prosecution.").

Accordingly, we reverse C.D.'s adjudication of delinquency, vacate the disposition, and order C.D. released on this charge.

## CONFLICT OF INTEREST

In assignment of error number one, the juvenile contends that it was error for the trial judge to allow the same attorney to represent two codefendants with different defenses, and that conflicted counsel failed to present an adequate defense.

Our resolution of assignment of error number two causes us to pretermit consideration of this assignment of error.

**ADJUDICATION OF DELINQUENCY REVERSED, DISPOSITION VACATED, AND JUVENILE ORDERED RELEASED ON THIS CHARGE.**