STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 KJ 1284


STATE OF LOUISIANA
IN THE INTEREST OF T.C.

Judgment Rendered: __FEB 17 2023__

* * * * *

Appealed from the
City Court of East St. Tammany Parish
Juvenile Division
No. 22 JC 2263

The Honorable Bryan D. Haggerty, Judge Presiding

* * * * *

Warren L. Montgomery                     Attorneys for the State of Louisiana
District Attorney
Matthew Caplan
Assistant District Attorney
Covington, Louisiana


Annette Roach                            Attorney for Appellant,
Lake Charles, Louisiana                  T.C.


* * * * *

BEFORE: GUIDRY, C.J., WOLFE AND MILLER, JJ.

**WOLFE, J.**

T.C.,[1] a sixteen-year-old juvenile, was alleged delinquent by amended petition on the charge of illegal possession of stolen things valued at $25,000.00 or more (count I), a violation of La. R.S. 14:69(A) and (B)(1). She denied the allegation. Following an adjudication hearing, she was adjudged delinquent for illegal possession of stolen things valued at less than $25,000.00, a violation of La. R.S. 14:69(A) and (B)(2). Following a disposition hearing, she was placed in the custody of the Office of Juvenile Justice for thirty-six months with all but nine months suspended. T.C. now appeals, challenging the sufficiency of the evidence and raising the issues of her counsel's conflict of interest and double jeopardy. For the following reasons, we reverse the adjudication of delinquency on count I, vacate the disposition on count I, and order the juvenile released on that charge. Additionally, we note that certain other counts originally listed on the juvenile petition were dismissed after jeopardy attached.

## FACTS

On June 28, 2022, between approximately 12:30 and 12:45 a.m., while working as an Uber driver, the victim, Khaled Radwan, drove his 2022 Toyota Highlander to pick up a lady with a suitcase in the area of Ursuline and Derbigny Streets in New Orleans. When he arrived and stepped out of his vehicle at the lady's request to assist her with her suitcase, he was robbed of his vehicle by a man armed with a gun, who left with the lady. Thereafter, the robbers and another man returned to the scene and shot Radwan after he gave them the key fob for the vehicle's keyless ignition. T.C. and her juvenile co-defendant, C.D., were arrested after police observed them seated in the stolen vehicle, which was recovered in Slidell.

---

[1] Pursuant to Rules 5-1(A)(3) and 5-2 of the Uniform Rules, Courts of Appeal, we reference the minors by their initials.

2

At the adjudication hearing, Radwan testified the incident happened "fast," and the street he stopped on was dark, such that he could not see exactly what the robbers looked like. He got the best look at the gunman who was close by when threatening him. T.C and C.D. were both in the courtroom, and Radwan stated, "[i]t's that young lady," and "the little lady who was the one standing up[,]" when asked to identify the lady with the suitcase who was involved in the incident. It is not clear from the record whether Radwan was referring to T.C. or C.D. Radwan testified he was fifty percent sure of his identification.

Detective Ben Williams with the Slidell Police Department testified that he was contacted on June 28, 2022, in reference to a Toyota Highlander with GPS tracking that was reported stolen after being involved in a carjacking and possible homicide. At 10:25 a.m., he observed the vehicle near John Slidell Park in Slidell and notified other law enforcement agencies to respond to the area. Detective Williams testified that as the tactical team was making contact with the vehicle at 11:15 a.m., T.C. remained in the driver's seat, but C.D. exited the vehicle and started to enter the gymnasium. C.D. was subsequently taken into custody along with three adult males. Handguns were recovered from the front and rear seats of the vehicle and from one of the adult males. None of the windows on the vehicle were broken and there was no obvious damage to the steering column or the ignition. When asked what direct evidence established that T.C. and C.D. knew the vehicle was stolen, Detective Williams replied that "they were sitting in a stolen, carjacked vehicle." He conceded he did not know if either of the juveniles had been "picked up" after the vehicle was stolen.

## SUFFICIENCY OF THE EVIDENCE

In assignment of error number one, T.C. contends the evidence was insufficient to establish that she intentionally possessed stolen property. The State concedes the evidence does not show, beyond a reasonable doubt, that T.C. knew or should have known that the vehicle was stolen.

3

In a juvenile adjudication proceeding, the State must prove beyond a reasonable doubt that the child committed the delinquent act alleged in the petition. La. Ch. Code art. 883. The burden of proof is no less severe than the burden of proof required in an adult proceeding. Accordingly, in delinquency cases, the standard of review for the sufficiency of evidence is that enunciated in **Jackson v. Virginia**, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), *i.e.*, whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the State proved the essential elements of the crime beyond a reasonable doubt. See La. Code Crim. P. art. 821[2]; **State in Interest of T.C.**, 2018-1246 (La. App. 1st Cir. 12/21/18), 269 So.3d 716, 718. In conducting sufficiency review, we must be expressly mindful of Louisiana's circumstantial evidence test, which pertinently states that in order to convict, the evidence, "assuming every fact to be proved that the evidence tends to prove ... must exclude every reasonable hypothesis of innocence." La. R.S. 15:438; **State v. Currie**, 2020-0467 (La. App. 1st Cir. 2/22/21), 321 So.3d 978, 982.

In order to adjudicate a juvenile delinquent of possession of stolen property, the State must prove beyond a reasonable doubt that: (1) the property was stolen; (2) the property was of value; (3) that the defendant knew or should have known that the property was stolen; and (4) that the defendant intentionally possessed, procured, received or concealed the property. **State in Interest of J.W.**, 2012-0049 (La. App. 4th Cir. 6/6/12), 95 So.3d 1187, 1190, writ denied, 2012-1497 (La. 1/18/13), 107 So.3d 625. Illegal possession of stolen property is a general intent crime. **Id.**

The mere possession of stolen property does not give rise to a presumption that the person in possession of the property received it with knowledge that it was stolen from someone else. Therefore, the State must prove the defendant's guilty knowledge

---

[2]     In a delinquency proceeding, the court shall proceed in accordance with the Louisiana Code of Criminal Procedure if specific procedures are not provided by the Louisiana Children's Code. See La. Ch. Code art. 803.

as it must prove every other essential element of the offense. Nevertheless, the fact finder may infer guilty knowledge from the circumstance of the offense, *i.e.*, that defendant knew *"or had good reason to believe"* that the goods in her possession had been stolen. La. R.S. 14:69(A) (emphasis added). The statute permits a purely objective inquiry into the element of guilty knowledge. **State v. Calloway**, 2007-2306 (La. 1/21/09), 1 So.3d 417, 422.[3]

In a juvenile delinquency proceeding, review of the law and facts is constitutionally mandated; therefore, an appellate court must review the record to determine if the juvenile court was clearly wrong in its factual findings. See La. Const. art. 5, §10. After doing so, we find the State failed to prove beyond a reasonable doubt that T.C. committed the delinquent act alleged in the petition. The juvenile court was clearly wrong in finding that the State sufficiently established the identity of the juvenile as the robber with the suitcase where Radwan identified the robber as "the little lady who was the one standing up" but indicated he viewed this perpetrator only briefly and expressed no more than fifty percent confidence in his identification. Accordingly, the State failed to negate a reasonable probability of misidentification.

Moreover, as the State admits on appeal, the evidence failed to prove T.C. knew or had good reason to believe the vehicle was stolen. Absent proof of participation in the robbery of the vehicle, the State had to show that a reasonable person would have known that the vehicle was stolen. However, nothing about the vehicle suggested it had been stolen. There were no objective indicia, such as damage to the vehicle, signs of forced entry, broken windows, damage to the ignition, or screwdrivers in the vehicle, indicating the vehicle was stolen. Compare **State in Interest of T.W.**, 2015-262 (La. App. 5th Cir. 9/23/15), 175 So.3d 504, 510.

---

[3]    See also Reporter's Comment to La. R.S. 14:69, which states, "The element of knowledge of the offender that the goods were of the described nature when he received them has given considerable difficulty. Must the offender subjectively know, or is he taken to know what any reasonable person so situated would have known? This section adopts a completely objective test here, because of the difficulty of proof by the prosecution."

5

Finding, as conceded by the State, that there was insufficient evidence to support the adjudication, we reverse T.C.'s adjudication of delinquency, vacate the disposition, and order T.C. released on this charge.[4] Our resolution of assignment of error number one causes us to pretermit consideration of the remaining assignments of error.

**ADJUDICATION OF DELINQUENCY ON COUNT I REVERSED; DISPOSITION ON COUNT I VACATED; AND JUVENILE ORDERED RELEASED ON COUNT I.**

---

[4] C.D. separately appealed her delinquency adjudication and also challenged the sufficiency of the evidence to support the adjudication. For the same reasons expressed herein, this court reversed the delinquency adjudication, vacated the disposition, and ordered C.D.'s release. See **State in Interest of C.D.**, 2022-1285 (La. App. 1st Cir. 2/9/23), 2023 WL 1943132 (unpublished).