505 So.2d 223 (1987)
STATE of Louisiana
v.
Wallace J. ST. ROMAIN, Sr.
No. CR86-619.
Court of Appeal of Louisiana, Third Circuit.
April 8, 1987.
Writ Denied June 19, 1987.
*224 Dan B. McKay, Jr., Bunkie, for defendant-appellant.
J. Edward Knoll, Dist. Atty., Marksville, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and STOKER, JJ.
DOMENGEAUX, Judge.
On May 14, 1986, the defendant, Wallace J. St. Romain, Sr., was convicted, after trial by a six person jury, of possession of a stolen thing, a violation of La.R.S. 14:69. On June 5, 1986, the defendant was sentenced to serve one year at hard labor.

FACTS
Between Sunday, June 23, 1985, and Monday, June 24, 1985 a 40 horsepower Mariner outboard motor was stolen from Mr. Kyle Roy. Mr. Roy's motor had a stainless steel propeller and a cracked cowling (cover), and was in excellent condition. He testified that his motor would cost $1,800.00 to replace, and that his stainless steel propeller cost $250.00.
Mr. Ben Weil, an assistant police chief, approached the defendant to put defendant's boat and trailer with the 40 horsepower motor, "owned" by Weil, to sell as a package deal. The defendant and Weil had been friends for a period of time. The defendant knew Weil had an old green 40 horsepower motor. When Weil arrived at the defendant's home he had a new blue Mariner motor with him. The defendant and Weil loaded the motor on the boat and drove to Lafayette where they sold the boat, trailer, and motor to Robert Landry for $1,000.00. Landry testified that almost all of the value was in the motor, and that the boat and trailer were relatively valueless. The police subsequently identified the motor which Weil and the defendant sold to Landry as the one stolen from Roy. Mr. Landry testified that the low "book value" of the motor was $1,030.00. The defendant was convicted of illegal possession of a stolen thing. He now appeals raising six assignments of error.

ASSIGNMENTS OF ERROR NOS. 1, 2, AND 4
By these assignments of error the defendant alleges that the jury verdict was *225 contrary to the law and the evidence. Specifically, the defendant contends that the State failed to prove that the defendant knew, or had reason to believe, that the 40 horsepower motor here was the subject of a theft. The defendant also contends that this case is based on circumstantial evidence, and for this reason, the circumstantial evidence must exclude every reasonable hypothesis of innocence.
La.R.S. 14:69 provides in pertinent part the following:
"A. Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses."
The essential elements of the offense of possession of a stolen thing, therefore, are: (1) that the defendant intentionally possessed, procured, received, or concealed the property; (2) that the thing was the subject of a robbery or theft; (3) that the thing was of value; and (4) that the defendant knew or should have known that the property was the subject of a robbery or theft.
Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), sets forth the standard of review for testing whether the evidence is sufficient to prove each essential element of the crime.[1] Under the Jackson standard the appropriate question is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the State proved the essential elements of the offense beyond a reasonable doubt.
Regarding circumstantial evidence, La. R.S. 15:438 sets forth the rule that in order to convict, the evidence must exclude every reasonable hypothesis of innocence. Under Jackson, the evidence is viewed in the light most favorable to the prosecution and from the viewpoint of a rational trier of fact. Therefore, when we review a conviction based upon circumstantial evidence we must determine that, viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded. State v. Ennis, 414 So.2d 661 (La.1982).
In this case, the fact that the motor was stolen was proven beyond a reasonable doubt. Mr. Kyle Roy testified that his 1983 40 horsepower Mariner motor was stolen from his boat. Mr. Roy testified that he picked up the motor from the police and identified it as his own from the serial number, the cracked cowling, and its stainless steel propeller. Deputy Edward Walker, Jr., testified that this motor was recovered from Bob Landry, boat dealer, and returned to Mr. Roy, after being identified as Roy's from the serial number. Deputy Walker further testified that this motor was the one stolen from Roy and recovered based on a voluntary statement of the defendant.
Similarily, the State proved that the one year old, 40 horsepower motor had value. Landry paid $1,000.00 for the motor, boat and trailer. Landry testified that he bought "the package", for the motor, which had almost all the value. Mr. Roy also testified that this motor was in excellent condition and would cost $1,800.00 to replace.
In view of the testimony of Mr. Roy and Mr. Landry, any rational trier of fact could find, viewing the evidence in a light most favorable to the prosecution, that the value of this stolen motor was proven beyond a reasonable doubt to be over $500.00.
The last essential element of possession of a stolen thing is proof that the accused *226 knew or had reason to believe that the item was the subject of a robbery or theft. The purpose of the "had good reason to believe" phrase is to preclude the assertion of naivete as a defense. State v. Honeycutt, 438 So.2d 1303 (La.App. 3rd Cir.1983), writ denied, 434 So.2d 585 (La.1983). The State's proof of this element relies upon circumstantial evidence.
In Honeycutt, supra, the court found that the defendant's experience as a trucker, and the circumstances surrounding his purchase of drill pipe for $300.00, and the subsequent sale of this pipe for $3,600.00 show that the defendant either knew or had reason to believe, that the pipe was stolen.
In the present case, the defendant was a commercial fisherman and had been a fisherman, by his own testimony, for 41 years. The defendant had a boat and trailer which he knew had only minimal value. In fact, he testified that he had paid Mr. Weil $200.00 for the boat and trailer earlier, but that the bill of sale stated the price as being $50.00. Defendant also testified that he knew that Mr. Weil, his co-defendant, had an old green 40 horsepower motor. Yet the defendant asked no questions of Mr. Weil when the latter came over with the relatively new blue Mariner motor. Weil and the defendant then drove from Marksville to Lafayette where they sold this motor, along with the defendant's relatively valueless boat and trailer, for $1,000.00, of which defendant received onehalf. As in Honeycutt, the facts known to the defendant at the time of the transaction are such that he had good reason to believe that the motor had been stolen. There is no reasonable hypothesis of the defendant's innocence which negates a finding that the defendant had good reason to believe that the motor had been stolen.
We conclude, therefore, that any rational trier of fact, viewing the evidence in a light most favorable to the prosecution, would find that all the essential elements of the crime of illegal possession of a stolen thing were proven beyond a reasonable doubt. These assignments of error are therefore without merit.

ASSIGNMENT OF ERROR NO. 3
By this assignment of error the defendant argues that by the trial judge's failure to properly instruct the jury he was not afforded the benefit of an affirmative defense. La.R.S. 14:69(C) provides that anyone, who within 72 hours of his acquiring knowledge or reason to believe that a thing is the subject of a robbery or theft, and who reports that fact in writing to the District Attorney, has an affirmative defense. The defendant contends that the trial judge's failure to give a jury instruction concerning this defense is reversible error.
In State v. Smith, 414 So.2d 1237 (La. 1982) the Court made the following statements:
"In a criminal prosecution, the trial court must charge the jury, when properly requested, as to the law applicable to any theory of defense which jurors could reasonably infer from the evidence, but this charge must be supported by the evidence presented at the trial, as the trial court is not required to instruct the jury on abstract principles of law. State v. Telford, 384 So.2d 347 (La.1980)."
In State v. Jackson, 450 So.2d 621 (La. 1984), the Court concluded that the defendant there had not properly requested a jury instruction concerning the penalty for second degree murder. In that case the trial judge failed to instruct the jury that a verdict of second degree murder carried a mandatory penalty of life imprisonment. The Supreme Court held that this omission was erroneous. Nevertheless, the Court concluded that the error was not reversible since the defendant had merely objected to the trial judge's refusal to instruct the jury on the penalties for all responsive verdicts, and did not state the specific grounds for his objection.
In this case there is evidence that the defendant made a written statement which led to the finding of the stolen property. Arguably, therefore, there was some evidence of an affirmative defense in the record although the circumstances under *227 which the defendant gave the statement is not clear. Nevertheless, the defendant failed to request a jury instruction concerning this defense at trial. Having failed to properly request this jury instruction at the time of trial, the defendant waived his right to this instruction.
This assignment of error, therefore, lacks merit.

ASSIGNMENT OF ERROR NO. 5
By this assignment of error the defendant argues that the trial judge erred in denying his request for a new trial. The basis for defendant's argument is that the verdict is contrary to the law and the evidence. This is essentially the same arguments he made in Assignments of Error Nos. 1, 2, and 4, specifying that the evidence does not support the conviction.
La.C.Cr.P. Article 851(1) states that a new trial shall be granted when the verdict is contrary to the law and the evidence.
A review of the sufficiency of evidence to sustain a conviction requires the court to view the evidence in a light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime present, beyond a reasonable doubt. State v. Trevathon, 432 So.2d 355 (La.App. 1st Cir. 1983).
We previously reviewed the evidence and found it adequate to prove all the elements of the crime for which defendant was convicted.
The trial judge did not abuse his discretion in denying the defendant's motion for a new trial.
This assignment of error, therefore, is without merit.

ASSIGNMENT OF ERROR NO. 6
The defendant argues that his sentence of one year is excessive and overlooks his entitlement to a probationary sentence. In support of this the defense contends that because of the weak evidence to support the value of a theft at over $500.00, he is entitled to resentencing. This argument is wholly without legal support and does not provide a basis upon which to review a sentence for excessiveness.
A sentence is excessive if it is so disproportionate in view of the harm to society, as to shock the Court's sense of justice. State v. Collatt, 477 So.2d 177 (La.App. 3rd Cir.1985); State v. Kahey, 461 So.2d 543 (La.App. 3rd Cir.1984).
In this case the defendant could have received a sentence of up to ten years, and could have been fined up to $3,000.00. Defendant's one year sentence is in the lower range of possible sentences.
A sentence can be excessive even if it is within the statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979).[2]
In sentencing the defendant, the judge considered the defendant's prior convictions for burglary as well as the fact that the defendant had a significant crime free period. Sentences are not to be set aside as excessive absent a manifest abuse of discretion by the trial court. State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Shields, 444 So.2d 287 (La.App. 1st Cir.1983), writ denied, 446 So.2d 312 (La. 1984).
In view of the defendant's prior convictions, and in view of the fact that his sentence was in the lower end of the possible sentences, and in view of the fact that the trial judge favorably considered the defendant's crime free period, no abuse of discretion occurred in this case.
*228 This assignment of error, therefore, lacks merit.
For the above and foregoing reasons the conviction and sentence of the defendant are affirmed.
AFFIRMED.
STOKER, J., dissents and assigns reasons.
STOKER, Judge, dissenting.
With respect I dissent from the affirmance of the defendant's conviction in this case. The majority opinion cites and relies on State v. Honeycutt, 438 So.2d 1303 (La. App. 3d Cir.1983), writ denied, 443 So.2d 585 (La.1983). I dissented in that case. Despite the denial of a writ by the Supreme Court in that case, my views expressed in my written reasons for dissent have not changed.
NOTES
[1] Although reviewing courts are obligated to follow the Jackson standard as mandated by the Louisiana Supreme Court, the author of this opinion has expressed opposition to this standard because it relegates the reviewing power of the appellate courts to nothing more than "second guessing" the triers of fact. See my concurring and dissenting opinions in State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983); State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir.1983); and State v. Bryan, 454 So.2d 1297 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 128 (La.1984).
[2] The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La. 1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.