707 So.2d 973 (1997)
STATE of Louisiana
v.
Ronnie CHESTER.
No. 97-K-1001.
Supreme Court of Louisiana.
December 19, 1997.
Richard P. Ieyoub, Atty. Gen., Scott M. Perrilloux, Dist. Atty., Zata Walker Ard, Hammond, for Applicant.
Lloyd S. Sibley, Livingston, for Respondent.
PER CURIAM.[*]
With the question of defendant's guilt turning at trial on his knowledge that the property in his possession had been the subject of a theft, the court of appeal reversed his conviction and sentence for possession of stolen property, La.R.S. 14:69, on grounds that "without additional circumstantial evidence concerning the defendant's acquisition of the [stolen property] ... the state's proof of the crime is not constitutionally sufficient in this case." State v. Chester, 95-1428, p. 5 (La.App. 1st Cir. 3/27/97), 698 So.2d 1065 (unpublished). We granted the state's application for review because the court of appeal's decision appears to conflict with the settled principle of appellate review that "[w]hen a case involves circumstantial evidence, and the jury reasonably rejects the hypothesis of innocence presented by the defendant[] ... that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt." State v. Captville, 448 So.2d 676, 680 (La.1984). We now reverse.
On the night of February 22, 1994, the truck owned by John Lawrence disappeared from the carport of his home in Hammond, Louisiana. Lawrence lost not only his vehicle but also several thousand dollars worth of *974 tools he used in his construction business. In the early morning hours of February 23, 1994, the defendant then appeared at the home of Charlie Johnson in Ponchatoula, Louisiana. The defendant was accompanied by a second individual who brought to Johnson's porch a toolbox containing over a dozen straight wrenches and four offset wrenches used to change hydraulic lines in heavy construction equipment. Lawrence's initials appeared on some of the wrenches but were not visible to casual inspection when the defendant opened the box and displayed the wrenches to Johnson. The defendant had known Johnson for several years and offered to sell him the toolbox and wrenches for 35 dollars because he "needed gas" for a trip to New Orleans. He settled for 30 dollars, all of the cash Johnson had with him that morning. The defendant left the tools with Johnson, who asked no questions about the property he had just acquired.
Johnson had occasionally worked for Lawrence clearing land at his construction sites, and he subsequently discovered that the tools had been stolen from his former employer, who reported the theft of his truck to the Tangipahoa Parish Sheriff's Office on February 23, 1994. Two days later, Lawrence recovered his property from the shed at the back of Johnson's home. Lawrence testified at trial that the offset wrenches, specialty tools difficult to find, alone cost 100 dollars each. In all, according to the victim's estimates, the defendant had sold approximately 800 dollars worth of equipment to Johnson for 30 dollars.
In Louisiana, the "mere possession of stolen property does not create a presumption that the person in possession of the property received it with knowledge that it was stolen by someone else." State v. Ennis, 414 So.2d 661, 662 (La.1982); State v. Nguyen, 367 So.2d 342, 344 (La.1979); State v. Walker, 350 So.2d 176, 178 (La.1977). The state must therefore prove the defendant's guilty knowledge as it must every other essential element of the offense. Ennis, 414 So.2d at 662. Nevertheless, jurors may infer the defendant's guilty knowledge from the circumstances of the offense. See Barnes v. United States, 412 U.S. 837, 843, 93 S.Ct. 2357, 2362, 37 L.Ed.2d 380 (1973) ("For centuries courts have instructed juries that an inference of guilty knowledge may be drawn from the fact of unexplained possession of stolen goods."). The inference of guilty knowledge arising from the possession of stolen property is generally a much stronger one than the inference the possessor committed the theft, Cosby v. Jones, 682 F.2d 1373, 1381 (11th Cir.1982), and for the buyer and seller alike, in a transaction involving stolen goods, "one of the most telling indices of guilt is a low price paid by the receiver." United States v. Werner, 160 F.2d 438, 443 (2d Cir.1947); see 1 Wayne R. LaFave & Austin W. Scott, Jr., Substantive Criminal Law, § 8.10, p. 430 (West 1986) ("The circumstance that the buyer paid an inadequate price for the goods, that the seller was irresponsible, that the transaction between them was secretthese factors all point toward... guilty knowledge."); see United States v. Prazak, 623 F.2d 152, 154-55 (10th Cir.1980) ("Acquisition of recently stolen property at a ridiculously low price from an unknown person is itself sufficient to support an inference that the one acquiring the property knew the property was stolen."); State v. Butler, 9 Ariz.App. 162, 450 P.2d 128, 132 (1969) ("When ... there is other evidence in addition to possession and sale at a disproportionately low price guilty knowledge may be found."); Russell v. State, 583 P.2d 690, 699 (1978) (Thieves "must rid themselves of stolen property as quickly as possible, and willingness to sell at a grossly reduced price betrays or should betray such a predicament.").
In this case, the state presented no direct or circumstantial evidence linking the defendant to the theft of Lawrence's truck. The state also presented no evidence of the circumstances under which the defendant came into possession of the stolen tools. Nevertheless, Lawrence's testimony provided jurors with direct evidence regarding the value of the tools, State v. McCray, 305 So.2d 433, 435 (La.1975), and jurors had more than simply the disproportionately small sale price with which to gauge defendant's subjective knowledge. The defendant appeared at Johnson's home in the dead of night and in close temporal proximity to the theft of Lawrence's *975 vehicle. He then conducted a transaction in which he volunteered no information about his acquisition or ownership of the tools and Johnson never asked. Under all of these circumstances, we cannot say that the jury's rejection of the hypothesis of innocence offered at trial appears unreasonable and that no rational trier of fact could infer that the defendant knew the wrenches were stolen and that he intended to divest himself of the property quickly with the aid of the greatly reduced price.
Accordingly, the judgment of the First Circuit is vacated and this case is remanded to the court of appeal for consideration of the remaining counselled and pro se assignments of error.
CONVICTION AND SENTENCE REINSTATED; CASE REMANDED TO THE COURT OF APPEAL.
NOTES
[*] Kimball, J., not on panel. See Rule IV, Part II, Sec. 3.