STATE OF LOUISIANA
v.
HERBERT JOSEPH DELL
No. 2008 KA 1682.
Court of Appeals of Louisiana, First Circuit.
May 13, 2009.
Not Designated for Publication.
JAMES D. "BUDDY" CALDWELL, Attorney General, TERRI R. LACY, Assistant Attorney General, Louisiana Department of Justice, Counsel for Appellee State of Louisiana.
FREDERICK KROENKE, Louisiana Appellate Project, Counsel for Defendant/Appellant Herbert Joseph Dell.
Before: KUHN, GUIDRY, and GAIDRY, JJ.
GUIDRY, J.
The defendant, Herbert Joseph Dell, was charged by bill of information with unauthorized use of a motor vehicle, a violation of La. R.S. 14:68.4. He pled not guilty. Following a trial by jury, the defendant was convicted as charged. The State filed a multiple offender bill of information seeking to have the defendant adjudicated and sentenced under La. R.S. 15:529.1. Prior to sentencing, the State withdrew the habitual offender bill of information, and the defendant was sentenced pursuant to an agreement between the State and the defense. The trial court sentenced the defendant to imprisonment at hard labor for ten years. The defendant now appeals urging the following assignments of error:
1. The evidence is insufficient to prove the essential elements of the crime of unauthorized use of a motor vehicle.
2. The trial court erred in denying the defendant's request for a special jury instruction as to mistake of fact.
Finding no merit in the assigned errors, we affirm the defendant's conviction and sentence.

FACTS
On July 24, 2006, Baton Rouge City Police Officer Michael Elsbury was patrolling the area near North 22nd Street and Florida Boulevard when he observed a Ford Taurus that matched the physical description of a vehicle listed on the police department's "hot list." Elsbury made a left turn to follow the vehicle. Upon confirming that the license plate number on the vehicle also matched the one on the "hot list," Elsbury called for back-up. A canine back-up unit arrived in the area shortly thereafter and a traffic stop was effectuated. After the defendant exited the vehicle, the officers asked where he got the car. According to Elsbury, the defendant indicated he rented the vehicle from a female in exchange for crack cocaine. The defendant was arrested for unauthorized use of a movable.
The Ford Taurus was owned by the East Baton Rouge Parish District Attorney's Office. The vehicle was assigned to Assistant District Attorney Melanie Fields. It had been stolen from outside Fields's residence approximately one week earlier. At the trial, Fields testified that the vehicle's contents made it clear that the vehicle belonged to an employee of the District Attorney's Office.

ASSIGNMENT OF ERROR 1 SUFFICIENCY OF THE EVIDENCE
In his first assignment of error, the defendant challenges the sufficiency of the evidence presented in support of the conviction. Specifically, the defendant argues that he provided a reasonable explanation for his possession of the vehicle, which he did not know had been stolen. He asserts the State failed to prove he possessed the vehicle under circumstances indicating he knew or should have known that it was stolen. Thus, he claims a reasonable hypothesis of innocence existed and the conviction must fall. We disagree.
Louisiana Revised Statutes 14:68.4(A) provides:
Unauthorized use of a motor vehicle is the intentional taking or use of a motor vehicle which belongs to another, either without the other's consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the motor vehicle permanently. [Emphasis added.]
On the issue of guilty knowledge, the Louisiana Supreme Court, in State v. Chester, 97-1001, pp. 2-3 (La. 12/19/97), 707 So. 2d 973, 974 (per curiam), stated:
In Louisiana, the "mere possession of stolen property does not create a presumption that the person in possession of the property received it with knowledge that it was stolen by someone else." State v. Ennis, 414 So.2d 661, 662 (La. 1982); State v. Nguyen, 367 So. 2d 342, 344 (La. 1979); State v. Walker, 350 So.2d 176, 178 (La. 1977). The state must therefore prove the defendant's guilty knowledge as it must every other essential element of the offense. Ennis, 414 So. 2d at 662. Nevertheless, jurors may infer the defendant's guilty knowledge from the circumstances of the offense. See Barnes v. United States, 412 U.S. 837, 843, 93 S.Ct. 2357, 2362, 37 L.Ed.2d 380 (1973) ("For centuries courts have instructed juries that an inference of guilty knowledge may be drawn from the fact of unexplained possession of stolen goods."). The inference of guilty knowledge arising from the possession of stolen property is generally a much stronger one than the inference the possessor committed the theft, Cosby v. Jones, 682 F.2d 1373, 1381 (11th Cir. 1982)[.]
In the instant case, the defendant was pulled over by the police while driving a vehicle that did not belong to him. The defendant contends the State's evidence failed to establish that he knew or had reason to believe that the vehicle he possessed was stolen. To support his argument, the defendant points out that the testimony presented at the trial established only that the vehicle was stolen from Fields' residence. The defendant argues there was absolutely no evidence that he participated in the theft of the vehicle or that he had any reason to know that the vehicle had been stolen.
Initially, we note that the State did not attempt to establish or even argue that the defendant participated in the theft of the vehicle. Such is not a required element of the offense of unauthorized use of a vehicle. See La. R.S. 14:68.4(A). Thus, to support the conviction, the State was only required to prove that the defendant intentionally utilized the stolen vehicle without the permission of the vehicle's owner.
At the trial, Randy Smith, an investigator with the East Baton Rouge Parish District Attorney's Office, testified that he is in charge of the District Attorney's Office vehicle fleet. Smith testified that the vehicle in question was owned by the District Attorney's Office and was assigned to Melanie Fields when it was stolen. Melanie Fields, an Assistant District Attorney with the Juvenile Division, testified that on July 18, 2006, when she went outside to walk her dogs, she noticed that the 1999 silver Ford Taurus that she had been assigned by her employer was gone. Fields immediately contacted the Baton Rouge City Police and reported the vehicle stolen. Fields further testified that she did not know the defendant and did not give him permission to drive the vehicle.
Officer Elsbury testified that, in response to questioning regarding his possession of the stolen vehicle, the defendant indicated that he rented the vehicle from a female he described as "skinny," near the Greyhound bus station. The defendant claimed he gave the female crack cocaine as payment for the vehicle rental. The defendant was unable to provide a name or address of the female or any other terms of the rental agreement.
As previously noted, Fields testified that there were various items inside the vehicle which clearly established that it belonged to an Assistant District Attorney. Fields explained that she kept various personal and employment-related belongings stored in the vehicle. These items included law books, printed legal research, and handwritten notes, which were in the trunk of the car. Additionally, Fields kept numerous business cards and a parking placard in the interior of the car, which read "Melanie Fields, Assistant District Attorney." According to Fields, all of these identifying items were still inside the vehicle when it was recovered. The parking placard was found on the floor of the front passenger seat.
Despite the defendant's assertions to the contrary, our review of the record reveals that the evidence presented at the trial was sufficient to support the conviction for unauthorized use of a motor vehicle. We find that, from the evidence presented, particularly the testimony of Assistant District Attorney Melanie Fields, a reasonable juror could have inferred that the defendant knew or had reason to believe that the vehicle he possessed was stolen. As previously noted, Fields's testimony established that the items found inside the vehicle when it was recovered clearly indicated that the vehicle belonged to an Assistant District Attorney. On the issue of the defendant's guilty knowledge, it is well settled that jurors may infer guilty knowledge of the stolen nature of a thing from the circumstances of the offense. See State v. Calloway, 2007-2306, pp. 9-10 (La. 1/21/09), 1 So. 3d 417, 422 (per curiam). The jury in this case clearly rejected the defendant's claim that he was unaware that the vehicle had been stolen and concluded, based upon the totality of the circumstances, that he either knew or should have known of the stolen nature of the vehicle. In reviewing the evidence, we cannot say that the jury's determinations were irrational under the facts and circumstances presented to them. See State v. Ordodi, 06-0207, p. 14 (La. 11/29/06), 946 So. 2d 654, 662. All of the essential elements of the crime of unauthorized use of a motor vehicle were established. Accordingly, this assignment of error lacks merit.

ASSIGNMENT OF ERROR 2 MISTAKE OF FACT JURY INSTRUCTION
By his second assignment of error, the defendant argues that the trial court erred in refusing to include a proposed jury instruction on mistake of fact based upon La. R.S. 14:16. The defendant contends that the charge was wholly applicable based upon his claim that he believed that the female could rent him the vehicle and should have been included under La. C.Cr. P. art. 807.
The record reflects that the defendant requested the court to instruct the jury that, unless there is a provision to the contrary in the definition of a crime, reasonable ignorance of fact or mistake of fact which precludes the presence of any mental element required in that crime is a defense to any prosecution for that crime. The trial court denied the defendant's request for the special charge. (R. p. 58).
Under La. C.Cr. P. art. 807, a requested special jury charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. The special charge need not be given if it is adequately covered by the general charge or in another special charge to be given. State v. Tate, XXXX-XXXX, p. 20 (La. 5/20/03), 851 So. 2d 921, 937, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004). Failure to give a requested jury instruction constitutes reversible error only when there is a miscarriage of justice, prejudice to the substantial rights of the accused, or a substantial violation of a constitutional or statutory right. See State v. Marse, 365 So. 2d 1319, 1323-24 (La. 1978); see also La. C.Cr. P. art. 921.
In the instant case, we find no error in the trial court's refusal to charge the jury as requested. As the State correctly notes, the general charge instructed the jury as to the requisite knowledge and intent needed for the crime, and the additional charge would have been redundant. See State v. Williams, 471 So. 2d 255, 261 (La. App. 1st Cir.), writ denied, 475 So.2d 1102 (La. 1985). Further, the failure to give the requested instruction did not cause a miscarriage of justice or prejudice any of the substantial rights of the defendant, nor was there a substantial violation of any constitutional or statutory right. As such, this assignment of error also lacks merit.
For the foregoing reasons, we affirm the defendant's conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.