# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-799


**STATE OF LOUISIANA**

**VERSUS**

**GARY WAYNE WOODS**



\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 300,156
HONORABLE THOMAS YEAGER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**OSWALD A. DECUIR**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*


Court composed of Oswald A. Decuir, Billy Howard Ezell, and James T. Genovese, Judges.

**Genovese, J., dissents and assigns written reasons.**



**CONVICTION REVERSED AND SENTENCE VACATED.**


**James C. Downs**
**District Attorney**
**John T. Giordano**
**Assistant District Attorney**
**Ninth Judicial District Court**
**P.O. Drawer 1472**
**Alexandria, LA 71309**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Gary Wayne Woods**

**Gary Wayne Woods**
**IN PROPER PERSON**
**Rapides Parish Detention Center-1**
**P.O. Box 1551**
**Alexandria, LA 71309**

**DECUIR, Judge.**

Defendant, Gary Wayne Woods, was charged by bill of information with possession of stolen goods having a value greater than $500.00. Defendant was found guilty as charged and was sentenced to serve five years at hard labor. He is now before this court asserting three assignments of error. He contends the evidence was insufficient to support his conviction, the trial court erred in allowing the State to refresh a witness's memory with evidence not provided to defense counsel during discovery, and his sentence is excessive.

**ASSIGNMENT OF ERROR NUMBER ONE**
**& *PRO SE* ASSIGNMENT OF ERROR:**

In his first assignment of error, Defendant contends there was insufficient evidence to find him guilty of possession of stolen goods valued at over $500.00. In order to sustain the Defendant's conviction, the State had to prove: "(1) the defendant had the intent to possess, procure, receive, or conceal; (2) a thing of value; (3) which has been the subject of a robbery or theft; and, (4) under circumstances which indicate the offender knew or had good reason to believe that the thing was stolen." *State v. Gordy*, 07-1032, p. 2 (La.App. 3 Cir. 3/12/08), 981 So.2d 45, 47.

Jimmy Deramus, the owner of Silver Dollar Pawn Shop and Jimmy Deramus Properties, testified that he was contacted by police in August 2009 and was told they were investigating an employee of his, Daniel Gonzales, who had possibly been stealing from him. Gonzales worked for Deramus in 2009 at both businesses and at Deramus's home. Deramus subsequently identified two computers that were stolen from his home and two camcorders which had been taken from the pawn shop.

Investigating officers testified that Daniel Gonzales admitted stealing from Deramus. Gonzales was arrested, and he implicated Defendant as one of the

persons in possession of the stolen items. Defendant was located and gave a statement to police, freely admitting he had the items at issue herein. Defendant's home was searched and a Dell computer, a Hewlett Packard computer, a Panaramic digital camcorder, and a Mitsubishi camcorder were found under the Defendant's bed. He stated to police that he purchased all four items on the street for $35.00, but he thought the items were worth over $4,000.00. When asked whether he thought the items had been stolen, Defendant replied: "That's the first thing crossed my mind you know, I – I live on that street. I knew anytime somebody come to me like that with something for a little price like it's a possibility they are stolen. . . . But it could - could have been out of his house you know."

The two computers and camcorders were returned to Deramus by police. Deramus testified that he still owned the Dell laptop, which he identified in court and which he had purchased for $365.00. It was not for sale in the pawn shop but was being used by a family member. The serial number on the HP computer had been scratched out, so it was sold for parts. He testified that it originally cost $195.00. Deramus further testified that police returned a Mitsubishi camcorder that cost $80.00 and a Panaramic digital camcorder that also cost $80.00 but had been sold for $399.00 and was on layaway at the time of the theft. The other had a retail price of $360.00. Deramus's testimony was corroborated by his daughter, Tammy Deramus Credeur, who managed the pawn shop.

In this appeal, Defendant asks this court to consider the conflicting testimony regarding the working condition of the computers, the fact that the HP computer and the camcorders were not presented at trial, and the inconsistent testimony regarding the physical characteristics of the computers. While there may have been some variation in the witnesses' descriptions of the stolen items,

2

these discrepancies are irrelevant. Defendant admitted his purchase and possession of the items, they were recovered in his home, and they were directly linked to the victim's business records. Our review of the record shows the State proved the items at issue were possessed by the Defendant, they had a value greater than $500.00, and they were stolen from Deramus's home and pawn shop. The only issue in this case is whether the Defendant knew or had good reason to believe the items were stolen.

Defendant argues on appeal that although he got a great deal when he purchased the items at issue, there is no indication that he knew the items were stolen. Defendant states that he did not know Gonzales, who was unavailable at trial, and had no way of knowing why he chose to sell the computers and camcorders. While it is true that the items were found by police under Defendant's bed, there is no evidence that Defendant actively tried to hide the items. In fact, he willingly allowed the investigating officers into his home where he told them the items were stored. Defendant contends the State failed to prove he knew or should have known the items were stolen.

In support of his claim that the evidence was insufficient to support his conviction, appellate counsel cites the following from *State v. Chester*, 97-1001, pp. 2-3 (La. 12/19/97), 707 So.2d 973, 974:

> In Louisiana, the "mere possession of stolen property does not create a presumption that the person in possession of the property received it with knowledge that it was stolen by someone else." *State v. Ennis*, 414 So.2d 661, 662 (La.1982); *State v. Nguyen*, 367 So.2d 342, 344 (La.1979); *State v. Walker*, 350 So.2d 176, 178 (La.1977). The state must therefore prove the defendant's guilty knowledge as it must every other essential element of the offense. *Ennis*, 414 So.2d at 662. Nevertheless, jurors may infer the defendant's guilty knowledge from the circumstances of the offense. *See Barnes v. United States*, 412 U.S. 837, 843, 93 S.Ct. 2357, 2362, 37 L.Ed.2d 380 (1973.)

In the present case, the State presented no evidence of the circumstances under which Defendant came into possession of the stolen goods. The State

3

proved only that Defendant purchased the goods "on the street." The State also presented no direct or circumstantial evidence associating Defendant with Gonzales or with the theft admittedly committed by Gonzales.

In *State v. Ennis*, 414 So.2d 661 (La.1982), the supreme court held that an unusually low price may give a person reason to suspect that items were the subject of a theft, but mere suspicion, not rising to the level of certainty required to form a belief is not enough to prove a defendant knew or had reason to know the property had been stolen. The court stated:

> In *State v. Walker*, 350 So.2d 176 (La.1977), this court held that "* * * R.S. 14:69 does not create any presumptions and the State must prove that the accused actually knew or had good reason to believe that the property had been stolen before a conviction under La., R.S. 14:69 can be obtained." We have also held that mere possession of stolen property does not create a presumption that the person in possession of the property received it with knowledge that it was stolen by someone else. *State v. Nguyen*, 367 So.2d 342 (La.1979); *State v. Walker*, *supra*, at 178.
>
> . . . .
>
> However, in order to obtain a conviction of receiving stolen things, the state must prove that the defendant knew or had good reason to believe the thing to be stolen. Mere suspicion, not rising to the level of certainty required to form a belief, is not enough. See, W. LaFave and A. Scott, Criminal Law, § 93, at 685, 686 (1972).

*Id.* at 662-63.

By contrast, in *State v. St. Romain*, 505 So.2d 223 (La.App. 3 Cir.), *writ denied*, 508 So.2d 86 (La.1987), this court had evidence of the circumstances under which the defendant came into possession of the stolen goods. We discussed the pivotal question of whether the defendant knew or had reason to believe a motor had been stolen:

> In the present case, the defendant was a commercial fisherman and had been a fisherman, by his own testimony, for 41 years. The defendant had a boat and trailer which he knew had only minimal value. In fact, he testified that he had paid Mr. Weil $200.00 for the boat and trailer earlier, but that the bill of sale stated the price as being $50.00. Defendant also testified that he knew that Mr. Weil, his co-

4

defendant, had an old green 40 horsepower motor. Yet the defendant asked no questions of Mr. Weil when the latter came over with the relatively new blue Mariner motor. Weil and the defendant then drove from Marksville to Lafayette where they sold this motor, along with the defendant's relatively valueless boat and trailer, for $1,000.00, of which defendant received one-half. As in [*State v.*] *Honeycutt*, [438 So.2d 1303 (La.App. 3 Cir.), *writ denied*, 434 So.2d 585 (La.1983),] facts known to the defendant at the time of the transaction are such that he had good reason to believe that the motor had been stolen. There is no reasonable hypothesis of the defendant's innocence which negates a finding that the defendant had good reason to believe that the motor had been stolen.

*Id*. at 226.

The evidence presented by the State did not link Defendant to the theft of the items at issue. There was no evidence regarding the circumstances of how Defendant came into possession of the items other than his statement that he purchased them for $35.00. The evidence presented to the jury consisted of the following details: Defendant bought the items on the street, Defendant's statement that it crossed his mind that the items may have been stolen, a disproportionately small sale price, and the fact that the items were found under Defendant's bed.

Based on the evidence presented to the jury, we find the evidence is insufficient to support Defendant's conviction.

## ASSIGNMENTS OF ERROR NUMBERS TWO AND THREE:

Defendant's assignments of error concerning evidentiary matters and an allegedly excessive sentence are rendered moot by our decision on the issue of insufficiency of the evidence.

## DECREE

The Defendant's conviction and sentence are hereby reversed, vacated, and set aside.

**CONVICTION REVERSED AND SENTENCE VACATED.**

5

STATE OF LOUISIANA

VERSUS

GARY WAYNE WOODS

**GENOVESE, J., dissents and assigns the following reasons.**

In this case, the majority reverses a jury verdict finding Defendant guilty of possession of stolen goods valued at over $500.00. In reversing the jury verdict, the majority opines that "the evidence is insufficient to support Defendant's conviction." I disagree.

> In evaluating the sufficiency of the evidence to support a conviction, a reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Captville*, 448 So.2d 676, 678 (La.1984). Additionally, where circumstantial evidence forms the basis of the conviction, the evidence must exclude every reasonable hypothesis of innocence, "assuming every fact to be proved that the evidence tends to prove." La. R.S. 15:438; *see State v. Neal*, [00-674, p. 9 (La. 6/29/01)], 796 So.2d 649, 657, *cert. denied*, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002). The statutory requirement of La.R.S. 15:438 "works with the *Jackson* constitutional sufficiency test to evaluate whether all evidence, direct and circumstantial, is sufficient to prove guilt beyond a reasonable doubt to a rational jury." *Neal*, [796 So.2d at 657].

*State v. Draughn*, 05-1825, p. 7 (La. 1/17/07), 950 So.2d 583, 592, *cert. denied*, 552 U.S. 1012, 128 S.Ct. 537 (2007).

In accordance with the *Jackson* standard of review, we are bound to consider the evidence in a light most favorable to the prosecution. By his own statement and admission, when questioned by police, Defendant stated: "That's the first

thing crossed my mind . . . I live on that street.  I knew anytime somebody come to me like that with something for a little price like it's a possibility they are stolen. . . ."  In his statement to the police, Defendant admitted that he had possession of the items at issue, that he purchased all four items on the street for $35.00, and that he knew the items were worth over $4,000.00.  In a light most favorable to the prosecution, there was more than ample evidence presented to the jury showing that Defendant knew or had good reason to believe that these items were stolen.

Consequently, I would affirm Defendant's conviction and sentence in all respects.