PER CURIAM.
| ]Writ Granted. For the following reasons, we grant the state’s application, reverse the decision of the court of appeal, and reinstate defendant’s conviction and sentence for illegal possession of stolen things valued at over $500, in violation of La.R.S. 14:69(B)(1).
In August 2009, Daniel Gonzales admitted to investigators from the Alexandria Police Department that he had stolen merchandise from his employer, the Silver Dollar Pawn Shop. After his arrest, Gonzales informed the officers that he had sold some of the items to defendant. When confronted, defendant freely admitted to possessing the items and consented to a search of his home. During the search, officers found the stolen items under defendant’s bed. In a statement to police, defendant indicated that he bought the items from Gonzales, whom he did not know before the transaction, for $35 and believed they were worth approximately $4,000.[1] Defendant further indicated in his statement that he |2thought the items may have been stolen, stating, “That’s the first thing crossed my mind you know, I— I live on that street. I know any time somebody come to me like that with something for a little price like it’s a possibility they are stolen.... But it could — could have been out of his house you know.” Based on this evidence defendant was convicted as charged by a jury and sentenced to five years imprisonment at hard labor.
On appeal, defendant argued among other assignments of error that the state presented insufficient evidence to support his conviction. In a split decision, the majority on the Third Circuit panel acknowledged that the state’s evidence included defendant’s statement that he had bought the items on the street for a disproportionately low price and that “it crossed his mind that the items may. have been stolen,” but nevertheless found the evidence insufficient to prove he had guilty knowledge the items in his possession had been the subject of a theft. The majority accordingly pretermitted consideration of defendant’s two other assignments of error and reversed his conviction and sentence. *291 State v. Woods, 11-799 (La.App. 3 Cir.2/1/12), 84 So.3d 773 (Decuir, Ezell, JJ.) Dissenting, Judge Genovese observed that “[i]n a light most favorable to the prosecution, there was more than ample evidence presented to the jury showing that defendant knew or had good reason to believe that these items were stolen.” Id., 11-799, p. 1, 84 So.3d at 778 (Genovese, J., dissenting). We granted the state’s application to review the decision and reverse for the reasons that follow.
The evidence at trial indisputably established that defendant had possession of the items stolen from the pawn shop by Daniel Gonzales and that they were worth over $500 although they had been pawned. The sole issue in this case, as the court of appeal acknowledged, is whether there was sufficient evidence for the jury to reasonably conclude that defendant knew or should have known the items |she purchased from Gonzales were in fact stolen. That determination is generally controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), according to which an appellate court “must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt.” State v. Captville, 448 So.2d 676, 678 (La.1984)(footnote omitted). It is also specifically governed by this Court’s jurisprudential rule that “mere possession of stolen property does not create a presumption that the person in possession of the property received it with knowledge that it was stolen by someone else.” State v. Ennis, 414 So.2d 661, 662 (La.1982) (citing State v. Nguyen, 367 So.2d 342 (La.1979) and State v. Walker, 350 So.2d 176, 178 (La.1977)). The state must therefore prove that the defendant actually knew, or at least had good reason to believe, that the property had been stolen before it may obtain a conviction under R.S. 14:69. Ennis, 414 So.2d at 662. Nevertheless, this Court has found that “jurors may infer the defendant’s guilty knowledge from the circumstances of the offense.... and for the buyer and seller alike, in a transaction involving stolen goods, ‘one of the most telling indices of guilt is a low price paid by the receiver.’” State v. Chester, 97-1001, p. 3 (La.12/19/97), 707 So.2d 973, 974 (citing inter alia United States v. Prazak, 623 F.2d 152, 154-55 (10th Cir.1980)) (“Acquisition of recently stolen property at a ridiculously low price from an unknown person is itself sufficient to support an inference that the one acquiring the property knew the property was stolen.”).
In the instant case, several admissions in defendant’s statement to police provide substantial support for the state’s position that there was sufficient evidence to find that defendant knew or should have known the items he purchased 14were stolen. First, he told police that he bought the items for $35 when he subjectively believed they were worth $4,000. Second, defendant indicated he did not know the seller before the purchase. Finally, defendant admitted to police that the possibility the items were stolen was “the first thing crossed [his] mind.” As cited in Chester, buying items for such a disproportionately low price from an unknown seller is sufficient to support the inference of guilty knowledge. These facts, in conjunction with defendant’s admission that he thought the items may have been stolen, provided strong evidence supporting a conclusion that defendant had good reason to believe he was in possession of stolen property.
Thus, we conclude that it was reasonable for the jury to find defendant guilty of illegal possession of stolen things. The *292 evidence at trial suggested no other hypothesis necessarily giving rise to reasonable doubt as to defendant’s guilty knowledge and it fully supports a finding that defendant, at least, should have known the items were stolen. Accordingly, the decision below is vacated and defendant’s conviction and sentence are reinstated, and this case is remanded to the court of appeal for consideration of the remaining assignments of error pretermitted on original appeal.
DECISION OF THE COURT OF APPEAL REVERSED; CONVICTION AND SENTENCE REINSTATED; CASE REMANDED.
WEIMER, J., would grant and docket.

. In fact, because the items (two computers and two camcorders) were stolen from a pawn shop, they had an estimated value ranging from $720 (actual cost to the pawn shop paid to the pledgors) to nearly $1,400 taking into account the retail market value of the two camcorders after the pledgors failed to redeem them and they were forfeited to the pawn shop. La.R.S. 37:1793(A)(11); 37:1800(C).